# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-01-128-D |
| | ) | CIV-16-58-D |
| ERIC JACKSON TAYLOR, | ) | |
| Defendant. | ) | |

## **O R D E R**

In *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (ACCA or Act), violated the Due Process Clause of the Fifth Amendment in that the residual clause was unconstitutionally vague. *Id*. at 2557. Defendant, who pled guilty to the charge of being a felon in possession of a firearm, brings the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 32], alleging *Johnson* mandates his immediate release from incarceration. The government objects to the requested relief [Doc. No. 36]. The matter is fully briefed and at issue.

## BACKGROUND

On August 28, 2001, Defendant entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing, the

United States Probation Office submitted its Presentence Investigation Report and concluded Defendant's criminal history, which included three prior convictions for second-degree burglary, required a sentencing enhancement under the ACCA. *See* Presentence Investigation Report, ¶¶ 18, 25-28, and 61 [Doc. No. 33].[1] Defendant did not object to the report. *Id*. at 15. Defendant was accordingly sentenced to an enhanced term of 188 months' imprisonment and 5 years of supervised release [Doc. No. 30]. Defendant did not appeal his sentence.

### *Johnson v. United States*

Generally, the penalty for being a felon in possession of a firearm is 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2). The ACCA, however, increases the term to a minimum of 15 years and a maximum of life where the offender has three or more prior convictions for either a "serious drug offense" or "violent felony." *Id*. § 924(e)(1). The Act defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that ... (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***[.]"

---

[1] At the time of his arrest for the charged offense, Defendant was on probation for two 1998 burglary convictions. Presentence Investigation Report, ¶ 30.

*Id*. § 924(e)(2)(B)(emphasis added). The italicized words above make up the Act's "residual clause." *Johnson*, 135 S. Ct. at 2555-56.

In *Johnson*, the Supreme Court analyzed the application of the residual clause to Minnesota's offense of unlawful possession of a short-barreled shotgun. It began by noting the ACCA required courts to use a "categorical approach" when deciding whether an offense fell under the Act's enhancing offenses – burglary, arson, extortion, use of explosives, and the residual clause. Under this approach, a court is required to assess "whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson*, 135 S.Ct. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). The court noted that in contrast to the definition of a violent felony that asks whether the crime "'has as an element the use . . . of physical force,' the residual clause asks whether the crime '*involves conduct*' that presents too much risk of physical injury." *Johnson*, 135 S.Ct. at 2557 (emphasis added). The court concluded "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id*.

Two features of the residual clause troubled the court. First, the court found the

clause left "grave" uncertainty about how to estimate the risk posed by a crime. *Id*. Second, it determined the clause left uncertainty about how much risk it takes for a crime to qualify as a violent felony. The court found these two facets "produce[d] more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson*, 135 S.Ct. at 2558.

Despite its clear pronouncement of a new rule of criminal law, the court specifically noted its holding did "***not*** call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. at 2563 (emphasis added).[2]

## DISCUSSION

Defendant contends his convictions for second-degree burglary do not qualify as "violent felonies" under the ACCA. *See* Def. Mot. at 4 ("The Court relied upon three (3) Oklahoma County convictions in determining Petitioner's [ACCA] status . . . . Petitioner's burglary convictions [, which] were listed and used against him, were **not violent**.") (emphasis in original). The government, in response, contends Defendant's convictions qualify for the ACCA enhancement because the surviving

---

[2]On May 12, 2016, the government submitted a supplemental notice [Doc. No. 42] in which it formally acknowledged, in light of the Supreme Court's recent decision in *Welch v. United States*, 136 S.Ct. 1257 (2016), that *Johnson* applied retroactively.

definition of "violent felony" under the ACCA includes a felony conviction for "burglary" as one of four enumerated offenses. Gov. Resp. at 6-10.³

"Burglary" is not defined in the ACCA, but the Supreme Court has construed the term to mean "generic burglary" – an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Therefore, if the definition of "burglary" in the Oklahoma statute under which Defendant was convicted substantially corresponds to the "generic" definition of burglary, then his convictions qualify as "violent felonies" under the ACCA's enumerated offenses clause. *See United States v. Ridens*, 792 F.3d 1270, 1272 (10th Cir. 2015) (under the "categorical approach," the court looks only at the elements of the statute of conviction when that statute's definition of burglary fits the generic definition of burglary). But if the statute encompasses a broad array of conduct, some of which would trigger the enhancement and some of which would not, then the court must apply the "modified categorical approach," looking to "reliable judicial records to determine whether a predicate conviction was based on conduct triggering the enhancement." *United States v. Dominguez-Rodriguez*, ___ F.3d ___, 2016 WL 1258400, at *4 (10th Cir. Mar. 31, 2016) (citations and quotations

---

³It is the government's burden to prove by a preponderance of the evidence that an enhancement under the ACCA is appropriate. *United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir. 2012).

omitted).

Oklahoma defines second-degree burglary thusly:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

21 OKLA. STAT. § 1435. As conceded by the government, the Oklahoma statute is broader than the generic burglary definition provided in *Taylor* in that it includes coin-operated and vending machines. *See United States v. Cartwright*, 678 F.3d 907, 912 (10th Cir. 2012) (citing *United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995)). Because the Oklahoma statute is broader than the definition supplied by *Taylor*, it cannot, as a categorical matter, provide a basis for enhancement under the ACCA. *Cartwright*, 678 F.3d at 912. Therefore, the Court is required to apply the "modified categorical approach," which as noted above, permits the Court to consult a limited class of documents "to determine which alternative formed the basis of the defendant's prior conviction and thereafter compare the elements of the crime of conviction . . . with the elements of the generic offense." *Descamp v. United States*, __ U.S. __, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013); *Cartwright*, 678 F.3d at 915 (applying modified categorical approach where defendant entered plea of nolo

contendere to second-degree burglary charge under Oklahoma statute).

Under the modified categorical approach, the Court is limited to reviewing the statutory definition, charging documents, written plea agreements, transcripts of plea colloquies and explicit factual findings by the trial judge. *Shepard v. United States*, 544 U.S. 13, 16 (2005).[4]

As shown in the government's response, Defendant's first conviction for second-degree burglary (Case No. CF-95-7772) stemmed from charges that on or about December 5, 1995 Defendant and an accomplice broke in to and entered a storage shed and a warehouse, owned by a Mr. Young, by breaking the hasp off the door and entering with the intent to commit larceny [Doc. No. 36-1]. Defendant pled guilty to the charges and acknowledged them as true [Doc. No. 36-2, filed under seal].

Defendant's second conviction for second-degree burglary (Case No. CF-96-7508) stated Defendant broke into a dwelling, owned by a Mr. Wise, by prying open the front door with the intent to commit larceny [Doc. No. 36-5]. Defendant's blind guilty plea established the charged facts [Doc. No. 36-6, filed under seal].

Defendant's third conviction (Case No. CF-96-7966) stated Defendant broke

---

[4]Defendant objects to use of the modified categorical approach, calling it an attempt to "retry the defendant in a way that will allow the predicates to be used to trigger the ACCA." Def. Reply at 1-2. The Court finds this contention unavailing as such method is judicially required under the circumstances presented here.

into a dwelling, owned by a Mr. Wechsler, by entering into the south bedroom door with the intent to commit larceny [Doc. No. 36-8]. Defendant's plea of no contest stated "I believe the evidence is such that if this case went to trial I could be convicted of burglary II" [Doc. No. 36-9, filed under seal].

The government has shown, by a preponderance of the evidence, that each of the aforementioned convictions for second-degree burglary fall within *Taylor*'s generic burglary definition of a (1) unlawful or unprivileged entry into (2) a building or other structure with (3) intent to commit a crime. *Cartwright*, 678 F.3d at 917. Accordingly, Defendant's convictions each constitute a "violent felony" for purposes of enhancement under the ACCA and his request for relief under § 2255 is denied.

## CONCLUSION

Defendant's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 32] is **DENIED** as set forth herein. Defendant's Motion to Appoint Counsel [Doc. No. 39] and Emergency Motion for Order Authorizing Immediate Release [Doc. No. 41] are hereby **DENIED** as moot.

**IT IS SO ORDERED** this 18th day of May, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE